Heldiza MONTES and Dinorah Montes, Appellants,

v.

Paul Dean PENDERGRASS and K–Bar Services, Inc., Appellees.[1]

No. 04–00–00788–CV.

Court of Appeals of Texas, San Antonio.

July 25, 2001.

---

1. Although our record does not contain a notice of non-suit, both parties agree in their briefs that the appellants non-suited Landstar Ligon, Inc. prior to the entry of the summary judgment that is the subject of this appeal.

Lloyd Robles, Robles & Associates, Austin, for appellants.

Bret L. Walton, Werstein, Smith & Wilson, San Antonio, Marvin B. Peterson, Jr., Ron T. Capehart, Mary Ann Starks, Law Offices of Marvin B. Peterson, Houston, Leslie L.W. Kinsel, Cotulla, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN and KAREN ANGELINI, Justices.

Opinion by PHIL HARDBERGER, Chief Justice.

Heldiza Montes and Dinorah Montes (the "Monteses") appeal the trial court's summary judgment that was granted in favor of the appellees, Paul Dean Pendergrass ("Pendergrass") and K–Bar Services, Inc. ("K–Bar"). The Monteses assert two points of error in their brief, contending that the trial court erred in granting summary judgment because a genuine issue of material fact existed regarding whether the negligence of Alan Montes was the sole proximate cause of the collision and whether Pendergrass was negligent. We affirm the trial court's summary judgment in favor of K–Bar, but we reverse the trial court's summary judgment in favor of Pendergrass and remand the Monteses' negligence claim against Pendergrass for trial.

## BACKGROUND

Alan Montes ("Alan") died as a result of a collision between his car and the tractor-trailer rig driven by Pendergrass. Alan was traveling in the outside lane on a highway, and Pendergrass was traveling on the inside lane. Traffic was alerted that the outside lane would be merged into the inside lane due to construction. As Alan attempted to pass Pendergrass and move into the inside lane of traffic, the rear passenger side of Alan's car struck the front driver-side bumper and wheel of Pendergrass's truck. The damage to Pendergrass's truck was minimal, but Alan spun out of control and was ejected from his car when the car repeatedly rolled over. Alan died at the scene.

The Monteses brought suit against several defendants, including Ford Motor Company ("Ford"), Landstar Ligon, Inc. ("Landstar") and Pendergrass. Landstar and Pendergrass filed a third-party petition against K–Bar, the entity responsible for the construction being performed on the highway. Landstar and Pendergrass filed a motion for summary judgment. K–Bar also filed a motion for summary judgment, joining in the motion filed by Lands-

tar and Pendergrass and adding a contention that any claim against K–Bar was barred by limitations. The Monteses nonsuited Ford and Landstar before the trial court ruled on the summary judgment motions. The Monteses appeal the trial court's order granting summary judgment in favor of Pendergrass and K–Bar.

## K–Bar

■ The Monteses do not assert a point of error regarding the limitations ground asserted by K Bar in its motion for summary judgment. As a result, the summary judgment as to K Bar must stand because this court may not reverse a trial court's judgment in the absence of properly assigned error. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970).

## Sole Proximate Cause as Affirmative Defense

Pendergrass refers to sole proximate cause as an affirmative defense. In its amended answer, Pendergrass contends that Alan's negligence was the sole proximate cause of the accident.

■ Although Pendergrass contends that his sole proximate cause assertion is an affirmative defense, sole proximate cause is actually an inferential rebuttal issue, not an affirmative defense. *See, e.g., Walzier v. Newton,* 27 S.W.3d 561, 563–64 (Tex.App.—Amarillo 2000, no pet.); *Reid v. Best Waste Sys., Inc.,* 800 S.W.2d 644, 646 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Khan v. Velsicol Chemical Corp.,* 711 S.W.2d 310, 317 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *American Jet, Inc. v. Leyendecker,* 683 S.W.2d 121, 126 (Tex.App.—San Antonio 1984, no writ). Furthermore, this court has limited the application of sole proximate cause to circumstances in which evidence shows that a third person's conduct, not the conduct of any of the parties to the lawsuit, is the sole

proximate cause of the occurrence. *American Jet, Inc. v. Leyendecker,* 683 S.W.2d at 126; *see also Rankin v. Atwood Vacuum Mach. Co.,* 831 S.W.2d 463, 465 (Tex. App.—Houston [14th Dist.] 1992) (noting doctrine of sole cause applies to the conduct of others not a party to the suit), *writ denied,* 841 S.W.2d 856 (Tex.1992). This interpretation is consistent with the Texas Pattern Jury Charge on sole proximate cause, which provides for the following instruction:

> There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges PJC 3.2 (2000); *see also H.E. Butt Grocery Co. v. Bilotto,* 928 S.W.2d 197, 199 (Tex.App.—San Antonio 1996) (noting pattern jury charges are heavily relied upon by both the bench and bar because they are based on what the committee perceives the law to be), *aff'd,* 985 S.W.2d 22 (Tex.1998). Therefore, Pendergrass's contention of sole proximate cause is a challenge to the causation element of the Monteses' claim or to the existence of a prima facie case, not an affirmative defense. *See Walzier v. Newton,* 27 S.W.3d at 564.

## Negligence Claim

■ Negligence consists of the following three elements: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *See Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex.1998); *Whitehead v. Tobias,* 7 S.W.3d 658, 661 (Tex.App.—Texarkana 1999, no pet.). Pendergrass's motion for summary judgment challenges the duty and breach elements on "no evidence"

grounds and the causation element on traditional grounds.

### 1. Duty/Breach

 Pendergrass's motion claims that there is no evidence of a breach of any duty by Pendergrass. We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore*, 981 S.W.2d at 269. A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

 Motorists have a general duty to keep a proper lookout. *See Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273, 275 (Tex.1958); *Gomez v. Adame*, 940 S.W.2d 249, 251 (Tex.App.—San Antonio 1997, no writ); *Lopez v. City Towing Assocs., Inc.*, 754 S.W.2d 254, 263 (Tex.App.—San Antonio 1988, writ denied). "[A] proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co.*, 837 S.W.2d 206, 211 (Tex.App.—Tyler 1992, writ denied); *see also Gomez*, 940 S.W.2d at 251; *Lopez*, 754 S.W.2d at 263.

Proper lookout requires the motorist "to see what a person in the exercise of ordinary care and caution for the safety of herself and others would have seen under like circumstances" and to take "such steps to guard against accidents which the conditions observed by her would necessarily indicate to be necessary." *Lopez*, 754 S.W.2d at 263. "Although not required to anticipate negligent or unlawful conduct on the part of others, [a motorist] is not entitled to close her eyes to that which [is] plainly visible and which would have been observed by a person of ordinary prudence similarly situated." *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d at 275.

Viewing the evidence in the light most favorable to the Monteses, Pendergrass testified that he saw the arrow indicating that construction would require traffic in the left-hand lane to merge into the right-hand lane and began slowing his vehicle by easing the throttle, but not by braking. Pendergrass also testified that he could see vehicles on his left-hand side if he was "looking for them or [wanted] to look for them." Pendergrass testified that he did not see Alan's car until it hit him. A jury could reasonably infer from Pendergrass's testimony that a person in the exercise of ordinary care and caution for the safety of himself and others would have seen Alan attempting to pass him as they approached the construction area and that Pendergrass breached this duty by not looking for a vehicle to his left, which he knew would have to merge into the right-hand lane.

### 2. Causation

 Pendergrass's motion for summary judgment requested summary judgment on traditional grounds with regard to his assertion of sole proximate cause, which we have construed as a challenge to the causation element of the Monteses's

negligence claim. Under traditional summary judgment standards, a defendant moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). "[I]n deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true," and "every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant." *American Tobacco Co. v. Grinnell,* 951 S.W.2d at 425.

The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided. *See, e.g., Bodine v. Welder's Equipment Co.,* 520 S.W.2d 407, 414 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.); *Pittman v. Licerio,* 496 S.W.2d 676, 678–79 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Taylor v. Brooks,* 392 S.W.2d 878, 880 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.). Causes of an occurrence can be concurrent when they act contemporaneously to produce a given result. *Rodriguez v. Moerbe,* 963 S.W.2d 808, 819 (Tex.App.—San Antonio 1998, pet. denied).

Pendergrass testified that Alan had sufficient time to pass him before the lane closed; however, the investigating officer's diagram showed the point of impact at the exact location where the cones began closing the left-hand lane, refuting Pendergrass's testimony that Alan had additional time to pass him before the lane closed. In addition, the affidavit from another witness states that "the small car than [sic] had to cut sharply into the lane in which the truck was on." This statement implies that Alan was required to cut into Pendergrass's lane suddenly and immediately.

Pendergrass provides some testimony to support additional actions he could have taken to avoid the collision if he had been "looking for [Alan's car] or [wanted] to look for [it]" by his testimony in response to the following questioning:

Q. But if you had seen him prior to the point of impact—and, of course, at this point being aware that you're entering a construction—that the lanes are about to start tapering down, what would you have done?

A. The only thing I might would have done—and I still really don't know that I would have. I was slowing down already and he had plenty of room to get on by me and pull back over in that lane—most I would have done is maybe slowed down a little more at the brake. I was monitoring it. So, I had no reaction time to the brake pedal. The moment he tapped me, my foot was already on the pedal.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. If you had started applying your brakes before the point of impact even slightly, wouldn't you agree that he probably would have missed you?

A. There's a chance of it; but if I hadn't had left the truck stop for another hour, I'd have probably would have missed him, too.

Although there also was testimony that Alan unnecessarily cut in front of Pendergrass, which version of the evidence is most credible is for a jury to decide. We simply hold given our standard of review, that the evidence raised a genuine issue of

material fact sufficient to defeat summary judgment.

## CONCLUSION

The trial court's judgment as to K Bar is affirmed. In view of the applicable standard of review, we hold that the evidence raises a genuine issue of material fact as to whether Pendergrass breached a duty which was a proximate cause of the damages alleged by the Monteses. Accordingly, we reverse the trial court's judgment as the negligence claim against Pendergrass and remand the cause for trial.