

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00027-CV

**BRAZOS TRANSIT DISTRICT,**

**Appellant**

**v.**

**TWILA PHILLIPS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 16-002093-CV-272

## MEMORANDUM OPINION

Appellee Twila Phillips was injured when a bus operated by Appellant Brazos Transit District ran over her legs. Phillips filed suit against the District under the Tort Claims Act. The District filed a combined plea to the jurisdiction, no-evidence summary judgment motion, and traditional summary judgment motion raising the issue of sovereign immunity. The trial court partially granted the District's motion and dismissed all of Phillips' claims except one—whether the bus driver, a District employee, was

negligent in failing to keep a proper lookout. The District appeals the trial court's order asserting that its motion should have been granted in its entirety. We will affirm.

## *Background*

The undisputed evidence in the record reflects that Phillips was a passenger on a bus operated by the District on November 5, 2014. It was a rainy day, and the streets were wet. Phillips exited the bus, but then remembered that she had left her umbrella on the bus. Phillips turned and began knocking on the bus door to get the driver's attention. The bus, however, pulled away. While Phillips continued to bang on the side of the bus, she fell and the right rear wheel of the bus rolled over both of her legs. Phillips was transported to the hospital for treatment.

## *Standard of Review*

A. Immunity. Governmental units are immune from suit unless the state consents. *Alamo Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). In the Tort Claims Act, the Legislature has expressly waived the state's immunity in limited circumstances, including when an injury is caused by the negligent operation or use of a public-owned, motor-driven vehicle by a government employee acting within the scope of his employment. S*ee* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2011); *see also City of Balch Springs v. Austin*, 315 S.W.3d 219, 224 (Tex. App.—Dallas 2010, no pet.). In such a circumstance, the governmental entity is liable if an individual's injuries are the result of the negligence of an employee acting within the scope of his employment and the employee would be personally liable for that injury under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

It is undisputed that the District is a governmental entity. The issue in this case is whether the bus driver, Michael Raymond Willey, violated a duty of care owed to Phillips thereby proximately causing her injuries. The parties conducted discovery, including deposing both Phillips and Willey. The District included Phillips' deposition as an attachment to its Plea to the Jurisdiction, or Alternatively, Motion for Summary Judgment. Phillips included her own deposition and Willey's deposition as attachments to her response to the District's motion. Immunity from suit may be raised through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment. *Alamo Heights*, 544 S.W.3d at 770. As noted, the District asserted immunity through a combined plea to the jurisdiction and motion for summary judgment.

B. Plea to the Jurisdiction. Sovereign immunity from suit implicates a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Engelman Irrigation District v. Shields Brothers, Inc.*, 514 S.W.3d 746, 751 (Tex. 2017). Whether a court has subject matter jurisdiction is a question of law, and we review a trial court's ruling on a plea to the jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers any relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id*. at 227; *see also Tex. Southern Univ. v. Mouton*, 541 S.W.3d 908, 912-13 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the factfinder. *Miranda*, 133

S.W.3d at 227-28. In such cases, the summary judgment standard found in Rule 166a(c) of the Rules of Civil Procedure is applicable. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016) ("[I]f the plaintiffs' factual allegations are challenged with supporting evidence necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction.").

C. No-Evidence Summary Judgment. We review *de novo* a trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a party moves for both traditional and no-evidence summary judgment on the same ground, we first review the trial court's ruling under the no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez,* 206 S.W.3d at 583. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co.,* 135 S.W.3d at 601.

The party moving for summary judgment bears the burden of proof. *Roskey v. Tex. Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982). Though these burdens vary for traditional and no-evidence motions, the summary judgment motion here was a hybrid motion and, as noted, both parties brought forth summary judgment evidence; therefore, the differing burdens are immaterial and the ultimate issue is whether a fact issue exists. *Buck v. Palmer*, 381 S.W.3d 525, 527 & n. 2 (Tex. 2012). A fact issue exists if there is more than a scintilla of probative evidence. *See id.* at 527; TEX. R. CIV. P. 166a(c), (i).

*Neely v. Wilson,* 418 S.W.3d 52, 59 (Tex. 2013).

D. Traditional Summary Judgment. In reviewing a traditional summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). The movant carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). The nonmovant has no burden to respond to a summary-judgment motion unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst.*, 28 S.W.3d at 23. Once the movant produces sufficient evidence conclusively establishing its right to summary judgment, the burden shifts to the nonmovant to present evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing a traditional summary judgment, we must consider all the evidence in the light most favorable to the nonmovant, indulging every

reasonable inference in favor of the nonmovant and resolving any doubts against the motion. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at 756.

### *Negligence Cause of Action*

In order to establish a negligence cause of action, a plaintiff must establish "a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam); *see also Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In four issues, the District asserts that Phillips has failed to establish the breach of any duty of care owed to Phillips and that the breach of any duty, if one exists, proximately caused her injuries.

"A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.). Additionally, drivers have a general duty to keep a proper lookout. *Id.*; *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.).

> "[A] proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co.*, 837 S.W.2d 206, 211 (Tex. App.—Tyler 1992, writ denied); *see also Gomez* [*v. Adame*], 940 S.W.2d [249] at 251 [Tex. App.—San Antonio 1997, no writ]; *Lopez* [*v. City Towing Assocs., Inc.*], 754 S.W.2d [254] at 263 [Tex. App.—San Antonio 1988, writ denied)]. Proper lookout requires the motorist "to see what a person in the exercise of ordinary care and caution for the safety of herself and others would have seen under like circumstances" and to take "such steps to guard against accidents which the conditions observed by her would necessarily indicate to be necessary." *Lopez*, 754 S.W.2d at 263. "Although not required to anticipate negligent or unlawful conduct on the part of others, [a motorist] is not entitled to close her eyes to that which [is] plainly visible and which would have been observed by a person of ordinary

prudence similarly situated." *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273] at 275 [(Tex. 1958)].

*Montes*, 61 S.W.3d at 509.

Whether viewed in the light of a plea to the jurisdiction, a traditional motion for summary judgment, or a no-evidence motion for summary judgment, Phillips has presented more than a scintilla of evidence that Willey failed to keep a proper lookout. *See Ford Motor Co.*, 135 S.W.3d at 600 (more than a scintilla exists when evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."). Phillips testified that Willey looked at her as she was knocking on the side of the bus and that he drove off. She also testified at one point that the bus knocked her down when it drove away. This is directly contrary to the deposition testimony of Willey who denied seeing Phillips after she left the bus. Taking Phillips' testimony and all inferences as true, there is a factual dispute over whether Willey failed to keep a proper lookout.

The next issue is whether Willey's actions were a proximate cause of Phillips' injuries. The components of proximate cause are cause-in-fact and foreseeability. *Williams v. Parker*, 472 S.W.3d 467, 470 (Tex. App.—Waco 2015, no pet.). "The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided." *Ciguero*, 455 S.W.3d at 748 (quoting *Montes*, 61 S.W.3d at 510). Whether viewed under the standard of a plea to the jurisdiction, a no-evidence motion for summary judgment, or a traditional motion for

summary judgment, Phillips' testimony and the inferences to be drawn from it constitute more than a scintilla of evidence that if Willey failed to keep a proper lookout, it was a proximate cause of Phillips' injuries. The trial court did not err, therefore, in denying the District's motion as there are fact issues presented that preclude finding the District immune from liability as a matter of law.

Having determined that all of the District's issues are without merit, we affirm the trial court's order denying the District's combined plea to the jurisdiction, no-evidence summary judgment motion, and traditional summary judgment motion. We remand the case for further proceedings not inconsistent with this opinion.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms
the trial court's order. A separate opinion will not issue.)
Affirmed and remanded
Opinion delivered and filed December 5, 2018
[CV06]

