

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| LAZARO REYES CIGUERO, | § | |
| Individually and on behalf of the Estate of | | No. 08-13-00075-CV |
| JESUS REYES RICARDEZ, Deceased, | § | |
| | | Appeal from the |
| Appellant, | § | |
| | | 243rd District Court |
| v. | § | |
| | | of El Paso County, Texas |
| JOSE LARA, | § | |
| | | (TC# 2011-2162) |
| Appellee. | § | |

## O P I N I O N

Appellant Lazaro Reyes Ciguero ("Ciguero"), individually and on behalf of his son Jesus Reyes Ricardez's estate ("Ricardez"), appeals an adverse no-evidence summary judgment granted in favor of Jose Lara. We affirm.

## BACKGROUND

This is a vehicle-pedestrian strike case. Jose Lara was driving along the Cesar Chavez Border Highway in El Paso, Texas, sometime after 8 p.m. when his car hit Jesus Reyes Ricardez, a Mexican national who was running along the highway. The highway runs parallel to the international border between El Paso and Ciudad Juarez, Mexico, and Ricardez was apparently being pursued by United States Customs and Border Protection ("CBP") officers. The sun had already set at the time of the collision, but the Border Highway has some street lights. Ricardez

was wearing blue jeans, a black shirt, a jean jacket, and tennis shoes when he was hit. Within seconds after impact, four marked CBP vehicles with flashing signal lights arrived on the scene. Lara did not see the CBP vehicles until after the collision. Ricardez was transferred to University Medical Center, where he died of his injuries.

Lara stated in deposition that he does not remember how fast he was driving, although he usually drives at or under the speed limit. Later, he stated that he was driving at or under 55 miles per hour. Lara also testified that he did not remember whether he applied his brakes before impact, and that the collision happened so quickly that he did not have a chance to do anything to avoid it. He did not realize he had hit a person until he exited his car. Lara admitted during deposition that he was generally aware that people occasionally climb over the fence abutting the Border Highway from Mexico and attempt to walk or run across the highway. In Lara's opinion, the accident was unavoidable. No other competent summary judgment evidence exists in the record before us.[1]

Appellant, Ricardez's father, brought suit for negligence individually and on behalf of his son's estate. Lara moved for no-evidence summary judgment, contending that Appellant failed to establish both a breach of a driver's general duty of care and that Lara was the proximate cause of his son's injuries. Following a hearing, the trial court granted Lara's motion for summary judgment. This appeal followed.

---

[1] After the summary judgment hearing in this cause but before rendition, Appellant filed police reports with the trial court. Those reports indicate that a dashcam video taken by CBP shows that Lara appears to apply his brakes and swerve left before hitting Ricardez. The record also shows that Appellant had difficulty obtaining the actual dashcam video from CBP. Based on the position of the body, an investigator calculated that Ricardez's body traveled at between 49 to 58 miles-per-hour when struck, although based on other variables, Lara's vehicle could have been traveling over 60 miles-per-hour, which was the posted speed limit on the highway.

"[A] trial court is not required to consider late-filed summary judgment evidence but may do so as long as the court affirmatively indicates in the record that it accepted or considered the evidence." *Heartland Holdings, Inc. v. U.S. Trust Co. of Tex., N.A.*, 316 S.W.3d 1, 14 (Tex.App.--Houston [14th Dist.] 2010, no. pet)[Internal quotation marks omitted]. Because there is no affirmative indication that the trial court considered these reports in its decision-making, we cannot consider them here on appeal.

2

**DISCUSSION**

In his sole issue, Appellant maintains that Lara's testimony that he did not remember if he applied his brakes prior to impact and did not know what speed he was traveling created preclusive fact issues on whether Lara breached his duties to drive at a reasonable speed, keep a reasonable lookout, and avoid hitting pedestrians if possible. Assuming without deciding that such testimony could create fact issues on breaches of a driver's general duties of care, we find that Appellant failed to furnish more than a scintilla of evidence establishing that the accident could have been avoided. As such, no record evidence exists to support a critical element of proximate cause.

### *Standard of Review*

We review summary judgment decisions *de novo*. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). "A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial." *Marsaglia v. Univ. of Tex., El Paso*, 22 S.W.3d 1, 4 (Tex.App.--El Paso 1999, pet. denied). "If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists." *Id*. "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact[.]" *Id*. [Internal quotation marks omitted].

"When reviewing a no-evidence summary judgment, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus., Inc.*, 286 S.W.3d at 310 [Internal quotations marks omitted]. General or conclusory no-evidence challenges are prohibited; a movant must identify specific elements on which the non-movant failed to provide evidence. *Id*.

### *Analysis*

Ordinarily, the fact that a collision occurred, standing alone, does not prove negligence as a matter of law. *See Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex.App.--Houston [1st Dist.] 2009, no pet.). Instead, "[t]o establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)(per curiam). Lara contends Appellant failed to provide any evidence on the breach and proximate cause elements.

A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others. *Williamson Co. v. Voss*, 284 S.W.3d 897, 902 (Tex.App.--Austin 2009, no pet.). Per statute, drivers have the duty to "drive at a speed . . . [that] is reasonable and prudent under the circumstances[,]" TEX.TRANSP.CODE ANN. § 545.351(a)(West 2011), and "control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway[.]" *Id*. at § 545.351(b)(2). Drivers also have the general duty to keep a proper lookout. *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex.App.--San Antonio 2001, no pet.). "The duty to keep a proper lookout encompasses the duty to observe, in a careful and intelligent

4

manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Carney v. Roberts Inv. Co., Inc.*, 837 S.W.2d 206, 210 (Tex.App.--Tyler 1992, writ denied). "The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided." *Montes*, 61 S.W.3d at 510.

Proximate cause consists of two substantive elements—cause in fact and foreseeability. *W.C. LaRock, D.C., P.C. v. Smith*, 310 S.W.3d 48, 55-56 (Tex.App.--El Paso 2010, no pet.). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries and justify the conclusion that such injury was the natural and probable result thereof." *Id*. [Internal quotation marks and alterations omitted].

Here, we need not decide whether the evidence presented creates fact issues on breach. Even if Lara was speeding or even if his failure to see CBP vehicle lights prior to the collision raised a fact issue on whether he kept a proper lookout, Appellant failed to offer more than a scintilla of evidence on proximate cause, i.e. that Lara could have avoided colliding with Ricardez if Lara fulfilled his general duties as a driver.

In reaching this conclusion, we note that three of our sister courts have dealt with similar fact patterns in the no-evidence summary judgment context. For example, in *Kahng v. Verity*, No. 01-07-00695-CV, 2008 WL 2930195, at *5 (Tex.App.--Houston [1st Dist.] July 31, 2008, no pet.)(mem. op), relatives of a pedestrian struck and killed on a highway proffered excerpts of the

5

driver's deposition testimony in an attempt to reverse a no-evidence summary judgment. The driver testified that he was traveling between fifty-five and sixty miles per hour when the decedent darted in front of his car. *Kahng,* 2008 WL 2930195, at *1. The driver further testified that he could not brake in time because there was only "a fraction of a second" in which he could react. *Id*. Assuming *arguendo* that the driver failed to keep an adequate lookout, the First Court of Appeals nevertheless affirmed the summary judgment, holding that the deposition excerpts did not create a fact issue on whether the accident would have been avoidable had the driver kept a proper lookout. *Id*. at *5.

Similarly, in *Vicknair v. Peters*, No. 12-13-00034-CV, 2014 WL 357082, at *4 (Tex.App.--Tyler Jan. 31, 2014, no pet.)(mem. op.), the Tyler Court of Appeals found that a driver's testimony that he did not see either a stalled, unlit car in his highway lane or the person behind it prior to collision constituted no more than a scintilla of evidence of negligence even though his headlights were on and he could see the road ahead of him. *See also Turner v. Cruz*, No. 04-10-00313-CV, 2010 WL 5545392, at *4 (Tex.App.--San Antonio Dec. 29, 2010, no pet.)(mem. op.)(driver testimony that he did not have time to stop before colliding with a car that swerved into his lane constituted no evidence on the issue of proximate cause).

*Kahng, Vicknair,* and *Turner* are instructive. A driver's testimony that a collision occurred concurrent with or immediately preceding his recognition of a road hazard, standing alone, constitutes no evidence on the issue of proximate cause because it does not raise a fact issue on whether the accident could have been avoided. While Appellant correctly notes that a comparative negligence approach on no-evidence summary judgment is inappropriate, and that deceased individuals are generally presumed to not be behaving negligently, we are not making a merits assessment on whether Lara, Ricardez, or both were at fault. Instead, we only answer the

narrow evidentiary question of whether there is more than a scintilla of evidence showing that Lara could have avoided hitting Ricardez, which would raise a fact issue on whether his negligence was the cause-in-fact of Ricardez's death.

Here, assuming fact issues exist on the breach questions, Lara's deposition testimony alone creates no more than surmise or suspicion that any breach of the duty to maintain speed or keep a proper lookout was the proximate cause of the collision. As such, it is no evidence on proximate cause. The facts of this case are indistinguishable from *Kahng*. Because Appellant failed to proffer any additional, competent, timely summary judgment evidence showing Lara could have avoided colliding with Ciguero, the trial court's ruling was proper.

Issue One is overruled. The judgment of the trial court is affirmed.

January 9, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J, and Larsen, Senior Judge
Larsen, Senior Judge Sitting by Assignment

7