

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00573-CV

Amelia **SKRZYCKI**,
Appellant

v.

Shirley B. **WRIGHT**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 14-2419-CV
Honorable William Old, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  June 27, 2018

AFFIRMED

Amelia Skrzycki filed the underlying wrongful death action asserting Shirley B. Wright's negligence was a proximate cause of her husband's death in an automobile accident. In this appeal, Skrzycki contends the trial court erred in granting a no-evidence summary judgment in favor of Wright because Skrzycki presented more than a scintilla of evidence to raise a genuine issue of material fact on the breach and causation elements of her claim. We affirm the trial court's judgment.

## BACKGROUND

Skrzycki's husband was driving a propane tank truck traveling north on a farm-to-market road. Leigh Ann Sumners ran a stop sign at an intersection and collided with the propane tank truck, causing the truck to roll onto its left side and eject Skrzycki's husband. The impact of the collision caused the truck to continue rotating on its side in a clockwise direction into the southbound lane of the farm-to-market road where an SUV being driven by Wright collided with the roof of the truck. After Wright's SUV collided with the truck, the truck continued spinning clockwise on its side before coming to rest in a ditch. In the DPS crash report, Sumners was charged with criminally negligent homicide. The crash report did not attribute any fault to Wright.

Skrzycki sued Wright alleging she was negligent in failing to keep a proper lookout, failing to timely or properly apply her brakes, and failing to turn or swerve to avoid the collision. Wright filed a no-evidence motion for summary judgment asserting Skrzycki had "no evidence Mrs. Wright's conduct breached a duty of care owed or, *assuming arguendo* that she breached a duty of care, that her conduct was the proximate cause of Mr. Skrzycki's tragic and untimely death." Skrzycki filed a response to the motion. After considering the motion and response, the trial court signed an order granting Wright's motion. Skrzycki appeals.

## STANDARD OF REVIEW

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). "A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts there is no evidence of one or more essential elements of a claim or defense on which an adverse party has the burden of proof at trial and the nonmovant fails to produce more than a

scintilla of summary judgment evidence raising a genuine issue of material fact on those elements." *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied); *see also* TEX. R. CIV. P. 166a(i). "Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact." *King Ranch, Inc.*, 118 S.W.3d at 751 (internal quotation marks omitted). "More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (internal quotation marks omitted). When reviewing a no-evidence summary judgment, "we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (internal quotation marks omitted).

### GENERAL DUTY OF MOTORISTS

"A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.) . "Motorists [also] have a general duty to keep a proper lookout." *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.). The duty to keep "[a] proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience." *Id.* (quoting *Carney v. Roberts Inv. Co.*, 837 S.W.2d 206, 210 (Tex. App.—Tyler 1992, writ denied)). "The failure to keep a proper lookout can be a proximate cause of an accident where the motorist should have seen something in time to have avoided the accident by evasive action and but for such failure the collision could have been avoided." *Ciguero*, 455 S.W.3d at 748 (quoting *Montes*, 61 S.W.3d at 510).

## ANALYSIS

In response to Wright's no-evidence motion for summary judgment, Skrzycki presented the following summary judgment evidence: (1) the crash report; (2) Wright's voluntary sworn statement; and (3) Mr. Skrzycki's death certificate.[1] In her brief, Skrzycki asserts this evidence, considered in the light most favorable to her, demonstrated that Wright breached the duty she owed to Mr. Skrzycki "by failing to take appropriate evasive action in order to avoid slamming her vehicle into the cab of the overturned propane truck." Skrzycki specifically relies on: (1) a forensic map attached to the crash report which Skrzycki believes "reflects a considerable distance between the areas of impact (AOI) of each collision;" (2) the absence of any indication in the crash report that Wright attempted to decelerate or take any evasion action or maneuvers;[2] and (3) no skid marks from Wright's vehicle being noted on the forensic map. Skrzycki also relies on Wright's sworn statement in which Wright stated she saw Sumners's vehicle traveling fast on the side road and was watching "to be sure [Wright] would not be in the way in case [Sumners] did not stop" at the intersection and that she "saw the propane truck in the same area."

Even if we were to agree that the foregoing raised a fact issue on whether Wright failed to keep a proper lookout, the evidence does not raise a genuine issue of material fact on proximate cause, "i.e. that [Wright] could have avoided colliding with [Mr. Skrzycki] if [Wright] fulfilled [her] general duties as a driver." *See Ciguero*, 455 S.W.3d at 748. "A driver's testimony that a

---

[1] Skrzycki also presented her pleadings and an unsigned, unsworn statement by a witness to the accident; however, neither of these documents constitutes competent summary judgment evidence. *See Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 543 (Tex. 1971) ("Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes."); *Weyel v. Hopson*, No. 04-14-00085-CV, 2015 WL 505078, at *4 (Tex. App.—San Antonio Feb. 4, 2015, no pet.) (mem. op.) ("In general, pleadings do not constitute competent summary judgment evidence."); *Ex parte Karedia*, No. 03-11-00831-CR, 2013 WL 599555, at *4 (Tex. App.—Austin Feb. 15, 2013, pet. ref'd) (mem. op.) (noting unsworn statement "is not proper summary-judgment proof"); *Coastal Cement Sand Inc. v. First Interstate Credit All., Inc.*, 956 S.W.2d 562, 567 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (same).

[2] We question how the absence of such an indication would constitute evidence that Wright did not take such actions.

collision occurred concurrent with or immediately preceding his recognition of a road hazard, standing alone, constitutes no evidence on the issue of proximate cause because it does not raise a fact issue on whether the accident could have been avoided." *Id*. at 749. The absence of evidence on this issue makes this case similar to the El Paso court's decision in *Ciguero* and this court's decision in *Turner v. Cruz*, No. 04-10-00313-CV, 2010 WL 5545392 (Tex. App.—San Antonio Dec. 29, 2010, no pet.) (mem. op.).

In *Ciguero*, a motorist struck a pedestrian who was running alongside a highway while being pursued by United States Customs and Border Protection ("CBP") officers. 455 S.W.3d at 746. The motorist did not see the CBP vehicles until seconds after the collision. *Id*. In his deposition, the motorist stated: (1) he did not remember how fast he was driving but ordinarily drove at or under the speed limit; (2) he did not remember whether he applied his brakes before the impact; and (3) "the collision happened so quickly that he did not have a chance to do anything to avoid it." *Id*. at 746. In affirming a no-evidence summary judgment in favor of the motorist, the El Paso court asserted the motorist's "deposition testimony alone create[d] no more than surmise or suspicion that any breach of the duty to maintain speed or keep a proper lookout was the proximate cause of the collision. As such, it is no evidence on proximate cause." *Id*. at 749. The court held, "Because Appellant failed to proffer any additional, competent, timely summary judgment evidence showing [the motorist] could have avoided colliding with [the pedestrian], the trial court's ruling was proper." *Id*.

Similarly, in *Turner*, Geraldine Turner was a passenger in a car being driven by John Gray. 2010 WL 5545392, at *1. "Gray, who was intoxicated and speeding, hydroplaned on the wet roadway, crossed over into oncoming traffic, and hit a vehicle driven by [Santiago] Cruz." *Id*. Turner died in the accident, and her beneficiaries sued Gray and Turner, alleging they were both negligent in causing Turner's death. *Id*. In response to Cruz's no-evidence motion for summary

judgment, Turner's beneficiaries "claimed that a fact issue existed as to Cruz's negligence in causing the accident because the evidence showed that Cruz was aware of Gray's vehicle, but was unable to stop in time to avoid the collision." *Id*. at *2. The trial court granted Cruz's motion, and this court affirmed the trial court's judgment on appeal reasoning:

> The mere fact that Cruz saw Gray swerve into Cruz's lane of traffic but was not able to stop in time to avoid a collision is simply no evidence that Cruz breached any duty to Turner or that his acts and/or omissions were a proximate cause of the collision. The Turners' argument assumes, without evidentiary support, that Cruz had time to see Gray's vehicle and to take evasive action.

*Id*. at *4.

Similarly, Skrzycki assumes, without evidentiary support, that Wright had time to take evasive action after she saw Sumners's vehicle collide with the propane tank truck being driven by Mr. Skrzycki.[3] *See id*. "Because [Skrzycki] failed to proffer any additional, competent, timely summary judgment evidence showing [Wright] could have avoided colliding with [the propane truck], the trial court's ruling was proper."[4] *Ciguero*, 455 S.W.3d at 749.

### CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

---

[3] Any inference that Wright had time to take evasive action based on the forensic map which Skrzycki asserts "reflects a considerable distance between the areas of impact (AOI) of each collision" would be based on mere surmise or suspicion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) ("[Summary judgment] evidence must transcend mere suspicion. Evidence that is so slight as to make any inference a guess is in legal effect no evidence.").

[4] We also question whether Skrzycki proffered any summary judgment evidence to show Wright's alleged negligent acts were a proximate cause of Mr. Skrzycki's death since the crash report states Mr. Skrzycki was ejected when his truck collided with Sumners, and the truck remained on its left side with Mr. Skrzycki pinned underneath as it slid down the highway.