COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CESAR R. POSADA, | § | No. 08-22-00101-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Three |
| OSVANIS LOZADA and TELS, INC., | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2018-DCV-4419) |

**<u>DISSENTING OPINION</u>**

I am unable to reconcile the result reached by the majority with this Court's opinion in *Ciguero v. Lara*, 455 S.W.3d 744 (Tex. App.—El Paso 2015, no pet.), which addresses proximate cause in the unavoidable-accident context. Nor do I think *Homeland Express, L.L.C. v. Seale*, 420 S.W.3d 145 (Tex. App.—El Paso 2012, no pet.) supports the majority's position, given the limited evidentiary record before us. Thus, I respectfully dissent.

This is a summary judgment case in which the sparse record before us on appeal contains only excerpts from Lozada's deposition and accident scene photographs.[1] The majority does not suggest the photographs raise any fact issues; instead, the majority bases its analysis solely on

---

[1] I agree with the majority that evidence excluded by the trial court is not relevant to our review.

Lozada's testimony.

Lozada testified that his truck ended up jackknifed across two lanes of traffic after one of its front tires lost air. The truck's front tires were new and had been recently inspected, and the majority does not suggest that the pre-accident condition of the tires contributed to the accident. Lozada also testified that it was cold and foggy and he was driving about 72 m.p.h. on I-10 in Fayette County at about 1:40 a.m. While the majority notes Posada's contention that the weather and Lozada's speed contributed to the accident, the majority does not suggest that it agrees with this contention. Instead, it concludes that Posada raised a fact issue as to breach of duty merely by pointing to Lozada's testimony that he tried to control his vehicle but it nevertheless ended up blocking the lanes of the highway. I cannot agree that the position of Lozada's vehicle, by itself, constitutes more than a scintilla of evidence that he acted negligently.

Crucially, in regard to *why* his truck jackknifed, Lozada testified that "I was driving my truck correctly. What happens is that, when I started losing air on my right tire, it started pulling me to the right and I lost control. But I was driving correctly"; "[I]t was not my fault." Moreover, Lozada testified that "[i]f [Posada's] black truck would have been doing the right thing, it wouldn't have come and crashed against me, because all the other trucks were on the right side, they were on the shoulder and they stopped when they saw me doing that maneuver. But he didn't. He went on the other side and he tried to pass me. And that's when he impacted me." Lozada's testimony regarding what happened and why it happened cannot be construed as evidence of the opposite of what he said. *R. T. Herrin Petroleum Transp. Co. v. Proctor*, 338 S.W.2d 422, 427 (1960) ("[T]estimony from an interested witness . . . is not evidence that the exact opposite of what the witness said is true. There must be some circumstance supporting the conclusion that a situation opposite to that depicted by the witness actually existed"); *Collin Cnty. Crim. Dist. Atty's Off. v.*

2

*Akhavan*, No. 05-10-00153-CV, 2011 WL 2028219, at *3 (Tex. App.—Dallas May 25, 2011, no pet.) (mem. op.) (same).

And while Posada was entitled to proffer controverting evidence, i.e., evidence of some circumstance supporting the conclusion that Lozada acted negligently, Posada failed to do so. Instead, Posada argued that negligence on Lozada's part can be inferred from Lozada's testimony alone. But, again, the only testimony the majority concludes is relevant relates to the positioning of Lozada's truck across two lanes, a fact which, in and of itself, is equally consistent with a variety of scenarios, some of which would implicate fault on Lozada's part and others of which would not, and thus must be construed as no evidence at all. *See Univ. of Tex. at El Paso v. Muro*, 341 S.W.3d 1, 5 (Tex. App.—El Paso 2009, no pet.) ("When circumstantial evidence is so slight that the choice between opposing plausible inferences amounts to nothing more than speculation, it is legally no evidence at all") (*citing Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001)). And " a party connot rely on its own pleaded allegations as evidence of facts . . . to oppose its opponent's summary-judgment motion." *Regency Field Services, LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 819 (Tex. 2021).

The importance of proffering relevant evidence to support challenged elements of a claim is borne out by this Court's opinion in *Homeland Express*, a case cited by both parties. Posada cites *Homeland Express* as holding that legally sufficient evidence of proximate case existed where a truck driver parked on the shoulder of a freeway with part of his truck protruding into traffic and further failed to failed to place reflective warning devices behind the truck. In response, Lozada points out that in *Homeland Express*, the evidence proffered by the plaintiff included the following expert testimony: (a) there was no valid reason for the truck driver to stop where or when he did; (b) under relevant regulations, the truck driver was required to place reflective warning devices

3

behind his truck while parked on the shoulder; (c) had such devices been placed as required, the accident would have not occurred; and (d) the accident would not have occurred had the truck not been parked where it was. *Homeland Express* ultimately held that there was legally sufficient evidence of proximate cause and that the actions of the truck driver, in failing to comply with regulations specifically enacted to protect motorists, amounted to a substantial factor in bringing about the accident. However, the *Homeland Express* holding was undergirded by expert evidence regarding the truck driver's duties, breach of those duties, and proximate cause—a very different holding from the majority's decision today that for Posada's negligence claim, breach of duty and proximate cause can be inferred from the mere fact that Lozada's truck was jackknifed across two lanes.

Finally, Lozada argues there was no evidence that an ordinarily prudent truck driver would have—or even could have—handled the 18-wheeler's front tire separating from the rim in such a way that jackknifing could have been avoided. This is the point on which I find dissonance between the majority's opinion and the Court's prior opinion in *Ciguero*, which, like this case, turned on the issue of proximate cause in the context of a devastating vehicular collision. There, the defendant, while driving on the Cesar Chavez Border Highway after sunset, struck and killed Jesus Reyes Ricardez, a Mexican national fleeing on foot from a Customs and Border Patrol vehicle. 455 S.W.3d at 746. The defendant testified at his deposition that he did not see Mr. Reyes Ricardez or the CBP vehicle until after the impact. *Id.* He could not remember how fast he was going or whether he braked before the impact. *Id.* He was generally aware that people occasionally walk or run across the Border Highway. *Id.* at 746-47. In addition, significantly, the defendant testified that the accident happened so quickly he did not have a chance to do anything to avoid it. *Id.* at 746. In his opinion, the accident was unavoidable. *Id.* at 747. As in this case, the defendant's

4

deposition was the only testimony in the record. *Id.*

The defendant in *Ciguero*, like the defendants here, filed a no-evidence motion for summary judgment on the plaintiff's negligence claim, asserting there was no evidence of breach of duty or proximate cause. *Id.* This Court noted that a driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others. *Id.* at 748. This Court further noted that a driver's duties include driving at a speed that is reasonable and prudent under the circumstances, controlling speed as necessary to avoid collisions, and keeping a proper lookout. *Id*.

In deciding *Ciguero*, the Court found it unnecessary to address the breach element, instead holding there was no evidence of proximate cause—specifically no evidence of cause-in-fact. *Id.* That is, even assuming the defendant's speed or failure to see the law enforcement vehicle's flashing lights before the impact raised a fact issue on breach, the plaintiff "failed to offer more than a scintilla of evidence on proximate cause, i.e., that [the defendant] could have avoided colliding with [the plaintiff's decedent] if [he] fulfilled his general duties as a driver." *Id.*

Here, Posada likewise failed to offer more than a scintilla of evidence on proximate cause, i.e., that Lozada could have avoided the collision if he fulfilled his general duties as a driver. While the evidence shows that Lozada's truck ended up jackknifed across two lanes of traffic after one of its front tires lost air, there is no evidence that if Lozada had reasonably and prudently—or even perfectly—fulfilled his duties as a driver, the result would have been any different. As noted above, the sole testimony in the record is that of Lozada, who, like the defendant in *Ciguero*, testified that the collision was unavoidable, at least from his standpoint.

In cases where avoidability of a vehicular collision is an issue, the plaintiff must present more than a scintilla of evidence on this issue to avoid summary judgment on proximate cause.

*See Id.* at 749 ("Because [the plaintiff] failed to proffer…evidence showing [the defendant] could have avoided colliding with [the decedent], the trial court's [granting of summary judgment on proximate cause] was proper"); *see also Kahng v. Verity*, No. 01–07–00695–CV, 2008 WL 2930195, at *5 (Tex. App.–Houston [1st Dist.] July 31, 2008, no pet.) (mem. op), (driver's testimony he could not brake in time because there was only "a fraction of a second" in which he could react did not create fact issue on whether accident would have been avoidable had driver kept proper lookout); *Vicknair v. Peters*, No. 12–13–00034–CV, 2014 WL 357082, at *4 (Tex. App.—Tyler Jan. 31, 2014, no pet.) (mem. op.) (driver's testimony that he did not see either a stalled, unlit car in his highway lane or the person behind it prior to collision constituted no more than scintilla of evidence of negligence even though his headlights were on and he could see road ahead of him); *Turner v. Cruz*, No. 04–10–00313–CV, 2010 WL 5545392, at *4 (Tex. App.—San Antonio Dec. 29, 2010, no pet.) (mem. op.) (driver's testimony that he did not have time to stop before colliding with car that swerved into his lane constituted no evidence on issue of proximate cause).

In *Ciguero*, the Court explained why these cases and its own decision did not improperly consider comparative fault:

> *Kahng*, *Vicknair*, and *Turner* are instructive. A driver's testimony that a collision occurred [close in time to allegedly negligent conduct], standing alone, constitutes no evidence on the issue of proximate cause because it does not raise a fact issue on whether the accident could have been avoided. While [the plaintiff] correctly notes that a comparative negligence approach on no-evidence summary judgment is inappropriate, and that deceased individuals are generally presumed to not be behaving negligently, we are not making a merits assessment on whether [the defendant], [the decedent], or both were at fault. Instead, we only answer the narrow evidentiary question of whether there is more than a scintilla of evidence showing that [the defendant] could have avoided hitting [the decedent], which would raise a fact issue on whether his negligence was the cause-in-fact of [the decedent's] death.

455 S.W.3d at 749; *see also Skrzycki v. Wright*, No. 04-17-00573-CV, 2018 WL 3129445, at *3

6

(Tex. App.—San Antonio June 27, 2018, no pet.) ("Skrzycki assumes, without evidentiary support, that Wright had time to take evasive action after she saw Sumners's vehicle collide with the propane tank truck being driven by Mr. Skrzycki. Because Skrzycki failed to proffer any additional, competent, timely summary judgment evidence showing Wright could have avoided colliding with the propane truck, the trial court's ruling was proper.") (cleaned up).[2]

In sum, because the majority's holding—which overturns the trial court's no-evidence summary judgment despite Posada's failure to proffer any evidence that Lozada breached any relevant duty or that the collision could have been avoided had Lozada acted reasonably and prudently—is inconsistent with well-established authority, I respectfully dissent.


LISA J. SOTO, Justice

September 1, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

---

[2] While in its final footnote, the majority points out that the *Ciguero* line of cases was not specifically raised by Lozada, we are not confined to discussing only those cases cited by the parties, and it cannot be said that Lozada failed to raise the issue that the accident was unavoidable. And while the majority distinguishes the *Ciguero* line of cases as involving the duty to keep a proper lookout rather than the duty to remain in one lane, the majority does not explain why this is not a distinction without a difference. Finally, while the majority points out that Lozada testified he lost control of his vehicle, which ended up blocking the highway, this undisputed fact alone, even viewed in the light most favorable to Posada, is not evidence of breach of duty or proximate cause for the reasons stated above.