# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00557-CV

**Williamson County, Texas, Appellant**

**v.**

**Dan Voss, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 08-226-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## O P I N I O N

Appellant Williamson County ("the County") brings this interlocutory appeal from the trial court's denial of its plea to the jurisdiction in a suit for property damages resulting from a collision between appellee Dan Voss's vehicle and a tractor owned and operated by the County. The County asserts on appeal that the trial court erred in denying its plea to the jurisdiction because there is no waiver of sovereign immunity. Because we hold that sovereign immunity is waived under section 101.021 of the civil practice and remedies code, we affirm the trial court's order denying the County's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005).

## BACKGROUND

On August 13, 2007, Dan Voss's daughter, Mary Christina Voss, was driving her father's vehicle southbound on County Road 234 in Williamson County. As Mary traveled around a curve she observed a tractor approximately one-quarter of a mile in front of her, stirring up a cloud

of dust over the road. According to Voss's second amended petition, Mary reduced her speed substantially. As she approached the dust cloud, Mary concluded that the tractor was traveling southbound on the left side of the road, protruding ten feet into the roadway with its shredder engaged. Voss alleged that Mary further reduced her speed to 15-20 miles per hour as she attempted to pass the tractor on the far right side of the road. As Mary proceeded through the dust cloud, the left rear tire of another shredder deck, towed by a second tractor that had been obscured by the dust cloud, came into Mary's view in the roadway, directly ahead of the right side of the vehicle she was driving. The right front tire and fender of the vehicle collided with the left rear tire of the shredder, lifting the right front of the vehicle off the ground and over the shredder tire, and causing the right rear of the vehicle to come down on and scrape the shredder deck. The collision caused substantial damage to the front and right sides of Voss's vehicle. Both tractors involved in the collision were owned by the County and operated by County employees at the time of the accident.

Voss filed suit for negligence against the County to recover his property damages. The County then filed a plea to the jurisdiction, asserting sovereign immunity. The trial court denied the plea to the jurisdiction, and this interlocutory appeal followed.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). In an appeal from a plea to the jurisdiction, we "review the face of appellants' pleadings to determine whether they show a lack of jurisdiction or whether the pleadings, if liberally construed, favored jurisdiction." *Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 855 (Tex. App.—Austin 2004, no pet.). Whether

2

a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). If the pleadings do not affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *Id.* at 227. Unless a pleaded jurisdictional fact is challenged and conclusively negated, it must be taken as true for purposes of determining subject-matter jurisdiction. *City of Austin v. Leggett*, 257 S.W.3d 456, 462 (Tex. App.—Austin 2008, pet. denied). In reviewing a plea to the jurisdiction, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda*, 133 S.W.3d at 227. In the present case, the trial court denied the plea to the jurisdiction on the basis of pleadings alone, without hearing evidence of any disputed jurisdictional facts. As a result, we will take the facts presented in Voss's petition as true.

## DISCUSSION

In a single issue on appeal, the County argues that the trial court erred in denying its plea to the jurisdiction on the basis that sovereign immunity was waived by section 101.021 of the civil practice and remedies code.

Sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the State and its subdivisions have been sued unless the State consents to suit by an express waiver of immunity. *Id.* at 224. The Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code

3

Ann. §§ 101.001-.109 (West 2005 & Supp. 2008), provides a limited waiver of sovereign immunity. *See id.* § 101.025(a) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter."). Section 101.021(1) of the Act provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law . . . .

*Id.* § 101.021(1).

The County argues that because the dust cloud stirred up by its shredders was merely a condition that made the collision possible, the property damage at issue here did not arise from the operation or use of motor-driven equipment. In order to state a claim under the waiver found in section 101.021(1), a plaintiff is required to show a causal nexus between the injury and the operation or use of the motor-driven equipment. *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). It is not enough to show that the operation or use of the equipment furnished a condition that made the injury possible. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). The government employee's negligent act in using or operating the equipment must have played some role in causing the injury. *Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 864 (Tex. App.—Austin 2001, pet. denied).

4

If Voss's pleadings were limited to an allegation that the County's employees negligently created the dust cloud that made the accident possible, the County would be correct in its assertion that sovereign immunity was not waived under section 101.021. *See, e.g.*, *Dallas, Garland, & Ne. R.R. v. Hunt County*, 195 S.W.3d 818, 823 (Tex. App.—Dallas 2006, no pet.) (stating that sovereign immunity was not waived where plaintiff alleged that county employees, using motor vehicle, negligently left road-base material on railroad tracks, creating dangerous condition that allowed train to derail). However, Voss's negligence claim is not limited to the creation of the dust cloud. His second amended petition states that the property damage to his vehicle was the direct and proximate result of the County's negligence, based on the following actions:

> Defendant's employees, in the course and scope of their employment, failed to provide any flagmen, shadow vehicles, roadblocks, warning signs, lights, or any other manner of effective warning device to prevent collisions with its tractors. Defendant's employees, in the course and scope of their employment, failed to maintain sufficient spacing between the tractors to allow drivers to detect the second tractor and navigate around it. Defendant's employees, in the course and scope of their employment, failed to disengage their shredders when traveling over dusty ground almost entirely devoid of vegetation. An employee of Defendant driving the first tractor in the course and scope of his employment was negligent in driving the tractor with its shredder deck protruding approximately ten feet into the roadway, forcing vehicles to the other side of the roadway, directly into a collision course with the second tractor and its shredder. The employee of Defendant driving the second tractor in the course and scope of his employment was also negligent in driving his tractor with its shredder deck protruding into the roadway. Both employees of Defendant were negligent in driving the tractors with such close proximity of one another, and were negligent for driving in the same direction.

As a preliminary matter, to the extent Voss asserts that the County was negligent in failing to provide some type of warning device to prevent collisions with the tractors, this allegation

involves the "non-use" of a motor vehicle, and does not fall under section 101.021's waiver of immunity. *See Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001) (holding that non-use of property does not invoke waiver in section 101.021). However, Voss also alleges that the County employees negligently drove the tractors in close proximity with engaged shredders protruding into the roadway. If the County vehicles had done nothing more than create a dust cloud which obscured Mary's vision and caused her to collide with an inanimate object or third-party vehicle, it would be clear that the County vehicles had merely created a condition that allowed the accident to occur. But here, the collision occurred between Voss's vehicle and one of the County's motor vehicles, which was being used at the time in what Voss alleges was a negligent manner—driven too close to another tractor while protruding into the roadway with its shredder engaged, while obscured within a dust cloud created by the other tractor.

At this stage of the proceedings, the sole question before us is not whether the County employees were actually negligent in the manner they were using the tractors at the time of the accident, but whether Voss has sufficiently alleged that the negligent use of the tractors was a direct and proximate cause of the accident. In light of the above-quoted language from Voss's second amended petition, we hold that he has sufficiently done so.

Our analysis is not affected by the fact that other factors, including the dust cloud and the lack of a warning device, may have contributed to the accident. In *Gutierrez*, this Court held that sovereign immunity was waived under section 101.021 where a student was hit by a drunk driver after the school bus driver honked her horn to signal that it was safe to cross the street. 54 S.W.3d at 866. Despite the fact that the driver of the vehicle that actually hit the child would almost

certainly be considered a greater cause of the accident, immunity was waived in *Gutierrez* because the "bus driver took the affirmative action of honking the horn which may have contributed to the accident." *Id.* Similarly, the County employee driving the tractor involved in the collision at issue here allegedly took an affirmative action which may have contributed to the accident—the act of driving in close proximity to another tractor with an engaged shredder protruding into the roadway. Arguably, the County's tractor, which was actually involved in the collision while being driven in what Voss alleges was a negligent manner, has a much stronger causal nexus to the injuries at issue than the school bus in *Gutierrez*.

The County further argues that sovereign immunity is not waived because Voss has not alleged a breach of any recognized duty under Texas law and because Mary's comparative responsibility prevents Voss from recovering damages. In support of these contentions, the County cites section 101.021(1)(B), which provides that the waiver does not apply unless the governmental unit's employees "would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(B).

While there is no well-established duty under Texas law to maintain sufficient spacing between tractors, disengage mowers while driving over dusty ground, or avoid driving with shredder decks protruding on the roadway, there *is* a general duty to exercise ordinary care to avoid a foreseeable risk of harm to others. *See Adams v. Morris*, 584 S.W.2d 712, 716 (Tex. Civ. App.—Tyler 1979, no writ) (driver of motor vehicle has duty to show "the care a reasonably prudent person would exercise under like circumstances"); *see also Texas Dep't of Transp. v. Pate*, 170 S.W.3d 840, 847 (Tex. App.—Texarkana 2005, pet. denied) (referencing motorists' "general

7

duty to drive safely"). Whether the County's employees breached that duty in this case is not properly before us in this interlocutory appeal, but remains a question for the factfinder. *See Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied) (quoting *Gaitan v. Reyes Salvatierra*, 485 S.W.2d 602, 604 (Tex. Civ. App.—San Antonio 1972, no writ)) (stating that in cases involving rear-end collisions where circumstances did not require complete stop by lead driver, "standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts").

Similarly, the extent of any comparative responsibility for the accident on Mary's part must be determined by the factfinder. While section 33.001 of the civil practice and remedies code provides that "a claimant may not recover damages if his percentage of responsibility is greater than 50 percent," Tex. Civ. Prac. & Rem. Code Ann. § 33.001 (West 2008), any determination of percentage of responsibility must be made by the trier of fact, *id.* § 33.003 (West 2008). While the County claims that there is an "irreconcilable conflict" between the requirement that the factfinder determine comparative responsibility and section 121.021(1)(B)'s mandate that immunity is not waived unless the employee would be personally liable to the claimant under Texas law, we disagree. Because Voss has alleged that the County's employees breached a duty for which they would be personally liable under Texas law, section 101.021(1)(B) is satisfied, regardless of any ultimate determination of comparative fault by the factfinder. The County asks us to make a determination, based on the pleadings alone, that Mary was more than 50% responsible for the accident as a matter of law. We cannot do so, as that determination lies solely within the province of the factfinder and is not properly before us in an appeal from the denial of a plea to the jurisdiction.

8

We overrule the County's sole issue on appeal and hold that, based on the pleadings alone, sovereign immunity has been waived under section 101.021 of the civil practice and remedies code.

**CONCLUSION**

Because we hold that sovereign immunity has been waived under section 101.021 of the civil practice and remedies code, we affirm the trial court's order denying the County's plea to the jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   May 1, 2009

9