

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CESAR R. POSADA, | § | No. 08-22-00101-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Three |
| OSVANIS LOZADA and TELS, INC., | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2018-DCV-4419) |

**MEMORANDUM OPINION**

This appeal pertains to a personal injury suit following a highway collision. Appellant Cesar R. Posada filed suit against Appellees Osvanis Lozada and TELS, Inc., bringing claims of negligence and negligence per se based on theories of direct and indirect liability.[1] The trial court granted no-evidence motions for summary judgment favorable to Appellees, and entered related evidentiary orders as to each. On appeal, Posada challenges all orders rendered against him except he does not challenge the adverse rulings on punitive damages, nor the court's ruling on TEL's liability for independent acts of negligence. Because Posada produced evidence raising a genuine

---

[1] Originally, Posada named the following parties as defendants in his suit: A&L Cargo Solutions, LLC, Lilia O. Orozco, and Rio Financial Services, Inc. The trial court granted Rio Financial Services, Inc.'s special appearance and dismissed it from the suit. Posada did not appeal. Thereafter, Posada filed a notice of nonsuit as to A&L Cargo Solutions, LLC and Lilia O. Orozco.

issue of material fact on the challenged elements of breach of duty and proximate cause as to Posada's negligence claims against Lozada, we reverse the trial court's order to the extent of its grant of summary judgment on those claims; moreover, we reverse the order to the extent of its grant of summary judgment in favor of TELS as to Posada's negligence claim based on vicarious liability only. We remand these claims for further proceedings.

## BACKGROUND[2]

### A. Underlying suit

Appellant Posada and Appellee Lozada are both commercial truck drivers. On December 17, 2016, Posada was driving an 18-wheeler tractor-trailer while Lozada drove a like vehicle owned by Appellee TELS, Inc. On a cold and fog-filled night, at about 1:40 a.m., the two drivers were independently traveling westbound on Insterstate-10, in Fayette County, Texas. Lozada drove slightly ahead of Posada along with other vehicle traffic. While driving his trailer-truck at a speed of 72 miles per hour, Lozada felt the vehicle pull to the right as a front tire increasingly lost air pressure. Soon, Lozada's vehicle jackknifed and, ultimately, came to a full stop crossway on the highway, blocking both lanes of traffic. Before he could move his 18-wheeler tractor-trailer out of the way, Posada's 18-wheeler tractor-trailer and another suv-type vehicle collided into Lozada's vehicle.

Following the collision, Posada filed a personal injury suit. His live pleading alleged claims of negligence and negligence per se against Lozada, and claims of vicarious liability, direct negligence, and joint enterprise against TELS. Claiming he sustained serious bodily injuries as a proximate result of the collision, Posada sought actual and punitive damages.

---

[2] Our summary of the facts is taken from the parties' pleadings and summary judgment evidence, not otherwise excluded by the trial court. As we must, we resolve any conflicts in the light most favorable to Posada.

**B. Lozada's motion**

Pursuant to TEX. R. CIV. P. 166a(i), Lozada filed a no-evidence motion for summary judgment stating the facts of the case as follows:

> This is a personal injury case arising out of a motor vehicle accident. Defendant had an unexpected loss of tire pressure that caused his tractor-trailer to jack-knife on a wet road. He regained control and didn't hit anybody or anything. He ended up straddling the lanes of traffic. Other cars and trucks stopped. As he was trying to reverse to straighten out and get out of the road, [Posada] failed to keep a proper lookout and smashed into him. [Lozada] did absolutely nothing wrong to cause his tire to lose pressure. These things happen without negligence. He did nothing wrong to cause this accident.

Lozada claimed there was no evidence of three essential elements of Posada's claims. First, he claimed there was no evidence of his negligence, negligence per se, or breach of any applicable standard of care. Second, he urged there was no evidence that any act or omission by him had proximately caused the occurrence in question. Third, he contended there was no evidence he committed any act or omission that would support an award of punitive or exemplary damages.

Posada responded in opposition to Lozada's motion, claiming that genuine issues of material fact existed regarding the challenged elements. His response attached the following exhibits as evidence: (1) excerpts of Lozada's deposition (exhibit A); (2) the Texas Peace Officer's Crash Report (exhibit B); (3) Lozada's responses to Posada's first request for production (exhibit C); (4) Lozada's certificate of medical examination (exhibit D); (5) Lozada's Driver's Daily Logs (exhibit E); and (6) accident scene photographs (exhibit F). Posada argued the evidence established that prior to the collision: "[Lozada] lost control of the subject tractor-trailer while driving at 72 miles per hour at 1:41 a.m. on Interstate 10." He urged that Lozada drove at that speed despite the cold, rainy, and foggy weather existing at the time. He claimed that Lozada breached his duty to maintain a safe speed and sufficient control of the vehicle under the conditions existing at the time. He further asserted that Lozada breached the applicable standard of care by blocking all westbound

3

traffic lanes with his tractor-trailer after he lost control of his vehicle. He urged that more than a scintilla of evidence existed, and that such evidence demonstrated that Lozada's reckless driving was a substantial factor in causing Posada's injuries. Lastly, he argued the collision would not have occurred had Lozada operated his tractor-trailer safely, and that the general character of his injuries was foreseeable.

In replying, Lozada objected to Posada's exhibits B through E. Lozada also argued Posada had failed to produce substantive evidence to defeat his no-evidence motion for summary judgment.

The trial court sustained Lozada's objections to Posada's summary judgment evidence. That same day, the court granted Lozada's no-evidence motion, finding there was no genuine issue of material fact as to the challenged elements. The trial court ordered Posada take nothing by way of his claims subject to Lozada's motion.

**C. TELS motion**

Following the trial court's grant of Lozada's no-evidence motion for summary judgment, TELS filed its own similar motion. TELS asserted there was no evidence it breached any standard of care, nor evidence of any act or omission that proximately caused the occurrence, nor evidence to support a claim for punitive or exemplary damages.

Posada responded asserting that genuine issues of material fact precluded summary judgment. To his response, Posada attached the deposition of Lozada, the crash report, Lozada's certificate of medical examination, Lozada's driver's daily logs, and photographs of the accident scene. Posada also attached TELS's supplemental responses to requests for production, the deposition of Andreja Nikolic—the president of TELS, the expert report of V. Paul Herbert, photos of the front right tire on Lozada's tractor-trailer, the Texas Commercial Motor Vehicle Drivers

4

Handbook, Lozada's motor vehicle record abstract, and TELS's supplemental responses to interrogatories.

TELS replied by objecting to all of Posada's summary judgment evidence except the deposition of Lozada, the photographs, the deposition of Nikolic, the attached handbook, Lozada's motor vehicle record, and the interrogatory responses.

In ruling on the motion, the trial court again sustained objections lodged against Posada's evidence and granted TELS's no evidence summary judgment motion.

Finally, Posada filed motions for new trial on the trial court's grant of both motions for summary judgment, which were denied. This appeal followed.

## DISCUSSION

Posada brings two issues on appeal. First, he contends the trial court erred in granting summary judgment in favor of Lozada as to the negligence claims brought against him. Second, he argues the trial court erred in granting summary judgment in favor of TELS as to his negligence claims based on its vicarious liability for Lozada's negligence.

### A.  Standard of review

After an adequate time for discovery has passed, a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant presents more than a scintilla of evidence raising a genuine issue of material fact on each element specified in the motion. *Id*.; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In contrast,

5

evidence that is "so weak as to do no more than create a mere surmise or suspicion" does not create a genuine issue of material fact. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014).

We apply the same legal sufficiency standard of review to a no-evidence summary judgment as a pretrial directed verdict. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). In our review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.* at 751.

We review de novo a trial court's ruling on a summary judgment motion. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the trial court's order does not specify the grounds upon which judgment was rendered, an appellate court must affirm the summary judgment if any of the grounds in the motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### B. Lozada's no-evidence motion

In his first issue, Posada challenges the trial court's grant of Lozada's no-evidence motion for summary judgment. On appeal, Posada challenges the first two grounds of the motion, but not the third ground challenging the evidence in support of his claim for punitive damages.[3] The first ground asserted there was no evidence to support Posada's claim that Lozada breached any applicable standard of care. The second ground asserted there was no evidence that any act or omission of Lozada proximately caused the occurrence in question.

We address each ground in turn.

---

[3] Lozada's motion included a third ground asserting there was no evidence he committed any act or omission with malice or gross negligence or any other requisite mental state to justify the imposition of punitive or exemplary damages. In briefing on appeal, Posada confirms he does not challenge the trial court's order granting summary judgment as to Lozada's third ground addressing an absence of evidence to support punitive or exemplary damages.

**(1) Breach of the applicable standard of care**

On the first challenged element, Posada asserts the trial court erred in granting summary judgment because he raised genuine issues of material fact that Lozada breached the applicable standard of care.

Texas common law imposes a duty on motorists to act with ordinary care. "A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.) (citing *Williamson Co. v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.)). The meaning of this standard has been described as one that "is elastic enough to meet all emergencies[,]" and requires a person to act as a person of ordinary prudence would under similar circumstances. *Wendell v. Cent. Power & Light Co.*, 677 S.W.2d 610, 620 (Tex. App.—Corpus Christi–Edinburg 1984, writ ref'd n.r.e.). Because of the elasticity of the meaning of ordinary care, courts have found that "[t]he resolution of a defendant's possible breach of duty is a question of fact." *Caldwell v. Curioni*, 125 S.W.3d 784, 793 (Tex. App.—Dallas 2004, pet. denied).

Posada contends the evidence raised more than a scintilla of evidence that Lozada breached his duty of ordinary care by going an excessive rate of speed under the circumstances, by failing to adequately maintain control of his vehicle (even assuming a tire suddenly lost pressure), and by over-correcting and causing his tractor-trailer to jackknife on a wet road and block oncoming lanes of traffic. He argues the key issue with respect to excessive speed in a negligence action is the reasonableness of the speed under the circumstances, not whether the speed violated a statutory maximum limit. He points to two provisions of the Texas Transportation Code to support this standard of reasonableness under the circumstances. First, § 545.351(a) provides that: "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances

7

then existing." TEX. TRANSP. CODE ANN. § 545.351(a). Second, § 545.351(c)(5) provides that "[a]n operator shall . . . drive at an appropriate reduced speed if: . . . (5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions." *Id*. § 545.351 (c)(5). Adding to these provisions, Posada also cites to a third provision addressing where a motorist may park or stop on a two-way roadway. Section 545.303(a) provides that "[a]n operator who stops or parks on a two-way roadway shall do so with the right-hand wheels of the vehicle parallel to and within 18 inches of the right-hand curb or edge of the roadway. *Id*. § 545.303(a). Posada contends that given the weather conditions and darkness of the over-night hour, a jury could conclude from the evidence that Lozada was operating his commercial motor vehicle at an excessive rate of speed under the circumstances, and as well, that he overcorrected and lost control of his vehicle after a sudden loss of tire pressure.

In support of his claims of negligence and negligence per se, Posada's summary judgment evidence consisted of excerpts of Lozada's deposition testimony and photographs of the crash scene showing the aftermath of the collision.[4] Lozada's testimony described the existing conditions as he drove on the highway: "It was very cold. It was plenty cold, and there was like fog." He was driving his tractor-trailer going approximately 72 miles per hour at the time. While he drove on the left side of the highway, he felt the air-pressure of a tire going down on his trailer-truck. As the tire lost air, it started pulling him to the right. He decreased his speed to control the truck and trailer, staying in the left lane of traffic. But, as his truck started pulling to the right

---

[4] In briefing, Posada asserts the evidentiary objections sustained by the trial court have no effect on the arguments he brings on appeal. Thus, he does not initially cite to or refer to any of the excluded evidence in his briefing. But, as an alternative argument, he describes that if this Court concludes otherwise that the summary judgment evidence is insufficient to raise a genuine issue of material fact on the challenged elements, then he contends the trial court abused its discretion in sustaining TELS's objection to the police officer's crash report when he responded to TELS's motion. Notably, however, Posada does not so challenge the ruling that sustained Lozada's objection to the same report. Nor does he challenge the court's rulings regarding the other excluded evidence. Accordingly, we conclude that only Lozada's deposition testimony and the crash scene photos are relevant to our initial review of Lozada's motion.

8

shoulder, he tried correcting it. He testified: "And that's when I started to try to correct it. But that's when I started – that's when I ended up in the middle, crossway on the highway." When asked: "So that's where you lost control?" Lozada answered, "Yes. I was losing it there, yes."

Lozada then described that he tried to straighten out the truck so it would not cause an accident. Other vehicles traveling on the roadway stopped to help him. At the moment he tried to straighten his own trailer-truck, however, a black truck (Posada's truck) crashed into Lozada's truck's engine. He also confirmed that another vehicle impacted his truck and he similarly saw a white pickup truck damaged at the scene. But he did not know how that other vehicle ended as it did. Lozada also testified that the police officer who arrived on scene cited him with a ticket that included two charges. One charge of failing to drive in a single lane; and a second for obstructing the highway passageway. The officer explained he could appeal the charges in court. Responding to questions about the officer's crash report, Lozada testified, "[i]t wasn't my fault really. It was because of what happened with the tire." Relying on Lozada's testimony and the photographs, Posada asserts the evidence amounts to more than a scintilla of evidence raising a genuine issue of material fact. Taken all together, he asserts the evidence would allow a jury to conclude that Lozada breached his duty of ordinary care under the circumstances.

Lozada counters by arguing the evidence showed an absence of a factual dispute. He points out that Posada only presented Lozada's testimony—not his own testimony or affidavit—nor that from any other witness in the case. Though he plainly acknowledges that his tractor-trailer truck blocked both lanes of traffic after it came to a full stop, he argues no evidence established he breached his duty of ordinary care when reacting to the sudden loss of tire pressure in the right front tire of his truck. Essentially, he argues that not every incident of a jackknifed tractor-trailer truck will establish there is a genuine issue of material fact as to whether an overcorrection of driving has occurred.

Viewing the evidence in the light most favorable to Posada, indulging every reasonable inference and resolving any doubts in his favor, as we must, we conclude the evidence raised more than a scintilla of proof from which a reasonable jury could conclude that Lozada breached his general duty to exercise ordinary care in the operation of his commercial motor vehicle under the circumstances. *See King Ranch*, 118 S.W.3d at 750–51 (providing that we must review the evidence in the light most favorable to the non-movant, "disregarding all contrary evidence and inferences."); *see also Voss*, 284 S.W.3d at 902 (whether certain acts established a breach of the duty of ordinary care is a question for the factfinder). Here, Posada pointed to evidence establishing that Lozada's driving of his trailer-truck resulted in his vehicle fully blocking both lanes of traffic. Indeed, Lozado himself testified that he tried to control his vehicle, but nevertheless it ended up blocking the lanes of the highway. After evaluating the credibility of witnesses, a jury could conclude as the trier of the facts that Lozada failed to use ordinary care in his driving of his tractor-trailer truck under the circumstances. *See Voss*, 284 S.W.3d at 902. Thus, we conclude the trial court erred in granting the no evidence motion for summary judgment on the challenged element of breach of the applicable standard of care. *See* TEX. R. CIV. P. 166a(i); *see also Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009) (noting that a no-evidence summary judgment is improper when the non-movant presents more than a scintilla of probative evidence that raises a genuine issue of material fact).

### (2) Proximate cause

We next determine whether Posada presented more than a scintilla of evidence creating a fact issue on the element of proximate cause. "Proximate cause consists of two substantive elements—cause in fact and foreseeability." *Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.). "Cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible." *Doe v. Boys Clubs of Greater Dallas, Inc.*,

10

907 S.W.2d 472, 477 (Tex. 1995). "The evidence must go further, and show that such negligence was the proximate, and not the remote, cause of resulting injuries and justify the conclusion that such injury was the natural and probable result thereof." *Id.* (alterations in original omitted). Foreseeability "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id* at 478. "Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). "Texas courts routinely hold that proximate causation is a fact question within the jury's province." *Berry Prop. Mgmt., Inc. v. Bliskey*, 850 S.W.2d 644, 656 (Tex. App.—Corpus Christi–Edinburg 1993, writ dism'd).

Focusing on the closeness in space and time, Posada asserts the evidence showed that Lozada's vehicle ended up straddling both lanes of I-10 traffic, fully blocking the roadway, and such blockage resulted in his own semi-trailer truck and another vehicle colliding into Lozada's vehicle. He contends the evidence established a "strong, logically traceable connection," between Lozada's negligence and Posada's injuries and damages. In support of his position, he relies on two cases, *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991), and *Homeland Exp., L.L.C. v. Seale*, 420 S.W.3d 145 (Tex. App.—El Paso 2012, no pet.). Posada relies on *Lear Siegler* to generally illustrate when a factual issues is raised as to causation or otherwise negated as a matter of law; and he cites to *Homeland Express.* to show when causation was not established as a matter of law.

First, in *Lear Siegler*, the Supreme Court of Texas considered whether a fact issue was raised as to causation in a personal injury case involving the death of a Texas Highway Department worker. 819 S.W.2d at 471. There, the worker's surviving heirs and a representative of his estate, sued a manufacturer of a flashing arrow sign the worker had been pulling behind a truck to warn

11

traffic of ongoing highway maintenance. *Id.* When functioning properly, the sign warned traffic of the presence of maintenance workers and equipment. *Id.* The deceased worker had stopped his vehicle on the traveled portion of the road, when a van struck the sign, which in turn struck the deceased. *Id.* The driver of the van had fallen asleep at the wheel. *Id.* The plaintiffs sued the manufacturer of the sign for negligence and product liability. *Id.* The manufacturer moved for summary judgment on the grounds that the sign did not cause the accident as a matter of law. *Id.* Agreeing with that assessment, the Texas Supreme Court held that a proper operation of the flashing arrow sign would have had no effect on the driver who had fallen asleep. *Id.* at 472. The Court rejected plaintiffs' allegation that the deceased worker would not have been at the place where the collision occurred at the time it occurred had the sign functioned properly, concluding it was too remotely connected to the manufacturer's conduct to constitute legal cause. *Id.* Contrasting this case with *Lear Siegler*, Posada argues he presented more than a scintilla of proof from which a jury could conclude that Lozada's negligence was a proximate cause of his injuries and damages.

Lozada counters by asserting there is undisputed evidence that the loss of tire pressure occurred without any negligence on his part. He urges the tire failure "simply created a condition that allowed Posada to crash into [him]." Lozada contends *Lear Siegler* in fact supports his argument that he was not the proximate cause of the subject collision as a matter of law. He argues the decedent in *Lear Siegler* checked on a malfunctioning sign, placing him in a similar position as happened here, where both of them remained similarly in harm's way at the mercy of oncoming drivers. Citing *Lear Siegler*, Lozada contends he was doing the only reasonable thing he could do in attempting to straighten his jackknifed trailer and, as a matter of law, he was not a proximate cause of the collision.

Contrary to Lozada's claim, *Lear Siegler* reiterates there may be more than one proximate cause of an event. *Id*. at 471. There, the Supreme Court noted "there may be cases in which a product defect or a defendant's negligence exposes another to an increased risk of harm by placing him in a particular place at a given time." *Id*. at 472. Yet, even so, the higher court further outlined the limits of proximate cause by stating "there are certain situations in which the happenstance of place and time is too attenuated from the defendant's conduct for liability to be imposed." *Id*. Because the evidence at hand showed the defendant driver was asleep, *Lear Siegler* found a proper operation of the flashing arrow sign would have had no effect on his conduct. *Id*. Under those facts, the Court found those circumstances were too remotely connected with defendant's conduct to constitute legal cause. *Id*. Here, we are not persuaded that *Lear Siegler* supports Lozada's contention that there was no evidence of proximate cause.

Second, Posada also cites to a case rendered by this Court. *See Homeland Exp., L.L.C. v. Seale*, 420 S.W.3d 145, 147 (Tex. App.—El Paso 2012, no pet.). There, a truck driver parked his 18-wheeler tractor-trailer on the shoulder of the highway to investigate why his "check engine" light came on and the engine began to overheat. *Id.* The driver failed to park completely within the shoulder and a portion of the trailer interfered with the nearest lane of the highway. *Id.* Additionally, the driver had failed to place reflective warning devices behind his rig. *Id.* As a grandfather driving a van with a 14-year-old passenger, a white pick-up truck passed the van, changed lanes, and cut in front of the van. *Id.* The van swerved to the right onto the shoulder and, while attempting to steer back into the lane, the driver clipped the left rear of the parked 18-wheeler-trailer truck. *Id.* The van slid along the trailer's side and collided with the tires located on the rear axle of the tractor. *Id.* The mother of the 14-year-old sued alleging the accident would not have occurred if the 18-wheeler-trailer truck had not parked where it had on the roadway. *Id.* at 148. The jury returned a verdict favorable to plaintiffs. *Id.* The issue before this Court was whether

13

there was sufficient evidence to support the finding of proximate cause. This Court ultimately held there was legally sufficient evidence of proximate cause. *Id.* at 150-51. We concluded the actions of the driver of the 18-wheeler-tractor truck, in failing to comply with regulations specifically enacted to protect motorists, amounted to a substantial factor in bringing about the accident. *Id*. The negligence of a third-party did not disrupt the nexus between the driver of the 18-wheeler's negligence and the 14-year old's injuries. *Id*. Posada contends this precedent is supportive of his claim.

Responding, Lozada attempts to distinguish *Homeland Express* from the record at hand.[5] He asserts that, unlike in *Homeland Express*, there was no evidence he violated any state or federal safety regulation, failed to do anything he should have done, or intentionally created a dangerous condition. Lozada contends it was foreseeable that a parked rig would cause an accident in *Homeland Express.* In contrast, he urges it was not foreseeable that his tire would fail when it did. He argues his own actions merely created a condition that made the accident possible. We disagree. Here, we cannot say the connection between Lozada's actions and Posada's injuries are too attenuated as a matter of law. *Cf. Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995) (holding a pump fire did no more than create a condition which made plaintiff's injuries possible in that she fell because a pipe rack was wet and slippery as a result of extinguishing the fire); *Bell v. Campbell*, 434 S.W.2d 117 (Tex. 1968) (holding a car accident was not the proximate cause of three individuals injuries from removing debris from the accident because the initial accident was

---

[5] We note that although both parties cite *Homeland Express*, that case involved a jury trial. Unlike a review of sufficiency of the evidence in a jury trial, which requires us to consider the evidence in the light most favorable to the verdict, indulging every reasonable inference to support the verdict, *see Homeland Exp. L.L.C.* v. *Seale*, 420 S.W.3d 145, 148 (Tex. App.—El Paso2012, no pet.), our review here is of the sufficiency of the evidence to raise a genuine issue of material fact such as to defeat a no-evidence motion for summary judgment. Here, we must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

not the active and efficient cause of plaintiffs' injuries); *see also Lear Siegler*, 819 S.W.2d at 471 (holding the sleeping driver's conduct negated the proximate cause of a purportedly malfunctioning sign).

Moreover, the contested issue of this summary judgment case is not whether the loss in Lozada's tire pressure was foreseeable. Rather, the issue is whether the evidence established a genuine issue of fact regarding the sequence of events such that a strong, logically traceable connection could be established linking Lozada's driving with the cause of the collision involving Posada's truck. Here, although Lozada agreed that his truck should not have been "across all the lanes of the highway," he still maintained it was not his fault.[6] Notwithstanding Lozada's denial of fault, we conclude the record presented more than a scintilla of evidence from which a jury could conclude, as a trier of fact, that the collision would not have occurred but for Lozada's truck blocking both lanes of traffic, and such evidence established a logically traceable connection between Lozada's negligence and Posada's injuries and damages. Thus, Posada raised a genuine issue of material fact as to the challenged element of proximate cause.[7] *See Mack Trucks*, 206 S.W.3d at 581-82 (noting that we review the evidence presented by a summary-judgment motion and response in the light most favorable to the party against whom the summary judgment was

---

[6] Lozano's statement that the collision was not his fault was conclusory and self-serving and could be rejected by a reasonable fact-finder. Moreover, his self-serving statement was contradicted by his other testimony that he was driving at 72 m.p.h. in foggy weather, stayed in the left-hand lane even after the tire began losing pressure, attempted to "correct" after the truck started pulling to the right, and lost control, ending up with his truck and trailer blocking both lanes of the interstate. Based on our standard of review, we must credit this sequence-of-events evidence favorable to Posada if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

[7] We conclude the cases cited by the dissent were not raised by Appellees and are, in any event, distinguishable. All of them deal with the issue of proximate cause in the context of a driver's failure to keep a proper lookout, which is not alleged here. Further, the dissent fails to explain how Lozano's own admission that he lost control of his tractor-trailer, and it ended up blocking the lanes of the highway, when viewed in favor of the nonmovant, would not raise a fact issue on the element of proximate cause. *See Wilson*, 168 S.W.3d at 810. A respondent to a no-evidence motion for summary judgment is "not required . . . to marshal its proof but is only required to point out evidence that raises a fact issue on the challenged elements[.]" *Saenz v. S. Union Gas Co.*, 999 S.W.2d 490, 494 (Tex. App.—El Paso 1999, pet. denied).

rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not). Accordingly, the trial court erred in granting Lozada's no-evidence motion for summary judgment on the challenged elements of breach of duty and proximate cause. *See* TEX. R. CIV. P. 166a(i); *see also Merriman*, 407 S.W.3d at 248; *Smith*, 288 S.W.3d at 424.

Posada's first issue is sustained.

### C.   TELS's no-evidence motion

In Posada's second issue, he asserts the trial court erred in granting summary judgment in favor of TELS as to Posada's vicarious liability theory.

As a preliminary matter, Posada initially asserts the trial court erred in excluding the Texas Peace Officer's Crash Report attached to his response to TELS's motion. He argues the report was certified and therefore properly authenticated pursuant to the Texas Rules of Evidence. Additionally, he contends the report is properly proved up as a public record exception to the hearsay rule. Finally, he also argues that because TELS's authorized representative testified he had relied on information contained in the report to answer interrogatory questions, this testimony manifested his adoption or belief in its truth making its contents non-hearsay under the party-opponent rule.

Responding, Lozada points out the crash report was only offered to support Posada's failure to train theory. Lozada further notes that Posada has since abandoned said theory as he based his appeal only on his claim that TELS should be held vicariously liable for Lozada's alleged negligence. To this extent, Lozada asserts that Posada has failed to preserve this evidentiary complaint for appeal. *See* TEX. R. APP. P. 33.1. We agree.

Posada's appellate brief makes it clear that he only challenges the trial court's ruling in favor of TELS under a vicarious liability theory. Moreover, Posada did not respond to Lozada's

lack of preservation argument in his reply brief. For this reason, we conclude that Posada did not preserve his complaint against the trial court's evidentiary ruling on the crash report. *See* TEX. R. EVID. 103(a), 105(b)(2); TEX. R. APP. P. 33.1.

On the merits of TEL's summary judgment motion, Appellees concede that if we conclude the trial court erred in granting Lozada's motion, then the trial court's judgment as to TELS would also be subject to being reversed inasmuch as the lack of TELS's vicarious liability was predicated on Lozado's liability.

Accordingly, we sustain Posada's second issue.

## CONCLUSION

We reverse the trial court's summary judgment granted against Posada's negligence claim as to Lozada. We also reverse the trial court's summary judgment granted in favor of TELS as to the vicarious liability theory only. As to these claims, we remand to the trial court for further proceedings.

GINA M. PALAFOX, Justice

September 1, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.
Soto, J., dissenting

17